UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK KRAWCZAK,                                 Case No. 14-11281

              Plaintiff,                  Nancy G. Edmunds
v.                                             United States District Judge

COMMISSIONER OF SOCIAL SECURITY,               Stephanie Dawkins Davis
                                               United States Magistrate Judge

              Defendant.
_____/

**REPORT AND RECOMMENDATION**
***SUA SPONTE* REMAND**

## I.      PROCEDURAL HISTORY

    A.      Proceedings in this Court

On March 28, 2014, plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Nancy G.

Edmunds referred this matter to Magistrate Judge Michael Hluchaniuk for the

purpose of reviewing the Commissioner's decision denying plaintiff's claim for

benefits.  (Dkt. 3).  This matter was reassigned to the undersigned Magistrate

Judge on January 5, 2016, pursuant to administrative order.  (*See* Text-Only Order

dated January 5, 2016).  Plaintiff was initially represented by counsel in this

matter.  However, the matter was subsequently stayed and a three-judge panel of

this court determined that plaintiff's counsel was no longer permitted to represent him.  (Dkt. 14).  Counsel has since withdrawn.  (Dkt. 16).

After the withdrawal by counsel, the undersigned issued an order striking the previously filed motions for summary judgment (Dkt. 9, 11), and set a new briefing schedule for the parties.  (Dkt. 18).  New counsel did not appear for plaintiff, who is now deemed to be proceeding in this matter *pro se*.  Plaintiff's motion for summary judgment was due on February 11, 2016.  The scheduling order specifically provided that "**PLAINTIFF'S FAILURE TO TIMELY FILE A MOTION FOR SUMMARY JUDGMENT WILL RESULT IN A RECOMMENDATION OF DISMISSAL.**"  (Dkt. 18) (emphasis in original).  The deadline for plaintiff to file a brief has passed and he has neither filed a brief nor contacted the Court.  In the normal course, the undersigned would recommend dismissal for failure to prosecute under Rule 41(b).  However, after a review of the administrative record in this matter, the undersigned recommends remand under Sentence Four instead, as discussed below.[1]

---

[1]  A review of the merits of plaintiff's case in the absence of motions for summary judgment is supported by *Wright v. Comm'r of Soc. Sec.*, 2010 WL 5420990, at *3 (E.D. Mich. Dec. 27, 2010), in which the court held that dismissal for failure to file a motion for summary judgment is unwarranted because the plaintiff has "no burden to do anything in order to obtain judicial review of the administrative decision except file a timely complaint." Other judges in this district have concluded, however, that dismissal of Social Security complaints pursuant to Fed.R.Civ.P. 41(b) is appropriate.  *See Salmo v. Comm'r of Soc. Sec.*, 2012 WL 6929176, at *2 (E.D. Mich. Nov. 27, 2012) (collecting cases dismissing Social Security complaints under Rule 41(b)); *see also Brinkley v. Comm'r of Soc. Sec.*, 2015 WL 1637598 (E.D. Mich. Apr. 13, 2015) (Michelson, J.).

2

B.    Administrative Proceedings

Plaintiff filed the instant claim on June 10, 2011, alleging that he became

unable to work on March 15, 2011.  (Dkt. 6-2, Pg ID 77).  The claim was initially

disapproved by the Commissioner on October 11, 2011.  *Id*.  Plaintiff requested a

hearing and on December 19, 2012, plaintiff appeared via video before

Administrative Law Judge (ALJ) Brenton L. Rogozen, who considered the case *de

novo*.  (Dkt. 6-2, Pg ID 92-141).  In a decision dated January 9, 2013, the ALJ

found that plaintiff was not disabled.  (Dkt. 6-2, Pg ID 77-88).  Plaintiff requested

a review of this decision on January 18, 2013.  (Dkt. 6-2, Pg ID 40-41).  The

ALJ's decision became the final decision of the Commissioner on January 31,

2014, when the Appeals Council denied plaintiff's request for review.  (Dkt. 6-2,

Pg ID 26-32); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir.

2004).

This matter is now ready for report and recommendation.  For the reasons

set forth below, the undersigned **RECOMMENDS** that the findings of the

Commissioner be **REVERSED in part** and that this matter be **REMANDED** for

further proceedings under Sentence Four.

II.    **FACTUAL BACKGROUND**

Plaintiff was born in 1969 and was 41 years of age on the disability onset

date.  (Dkt. 6-2, Pg ID 87).  Plaintiff's last date insured was December 31, 2016.

*Id*. at 79.  At step one of the sequential evaluation process, the ALJ found that plaintiff had engaged in substantial gainful activity from March 1, 2012, through September 30, 2012, but did not engage in substantial gainful activity from October 1, 2012, through the date of his decision.  *Id*. at 79-81.  At step two, the ALJ found that from his alleged onset date through February 28, 2011, plaintiff did not have an impairment that limited his ability to perform basic work-related activities for twelve consecutive months.  *Id*. at 80.  The ALJ found that as of October 1, 2012, plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, with radiculopathy on the left.  *Id*. at 81.  At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listed Impairment.  *Id*. at 84.  Before proceeding to step four, the ALJ determined that, as of October 1, 2012, plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b).  *Id*.  At step four, the ALJ found that plaintiff was unable to perform any of his past relevant work.  *Id*. at 87.  At step five, the ALJ relied upon the Medical-Vocational Guidelines ("the grids"), 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.21, in determining that plaintiff was "not disabled."  *Id*. at 88.

III.    **DISCUSSION**

A.    <u>Standard of Review</u>

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).  "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the

Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing *Mullen*, 800 F.2d at 545.

B.    Analysis and Conclusions

After a careful review of the record in this case, the undersigned concludes that, as to plaintiff's mental impairments and resulting limitations, the ALJ conducted a thorough analysis, evaluated and weighed all of the medical opinions of record, and reached conclusions fully supported by substantial evidence.  As to plaintiff's physical impairments, however, the undersigned concludes that the ALJ committed reversible error by failing to consult a medical advisor on the issue of equivalency and to assist the ALJ in formulating the RFC.

In this case, the single decisionmaker ("SDM") model was used pursuant to

6

20 C.F.R. §§ 404.1406(b)(2), 404.906(b)(2).[2] (Dkt. 6-3, Pg ID 143; Dkt. 6-7, Pg ID 242, 245). This regulation provides streamlined procedures as an experiment, in which State Agency disability examiners may decide cases without documenting medical opinions from State Agency medical consultants. The "single decisionmaker model" was an experimental modification of the disability determination process that happens to have been used in Michigan. *See Leverette v. Comm'r*, 2011 WL 4062380 (E.D. Mich. 2011), *adopted by* 2011 WL 4062047 (E.D. Mich. 2011). This experiment eliminated the reconsideration level of review and allowed claims to go straight from initial denial to ALJ hearing. *Id*. Most significantly, it allowed the state agency employee (the single decisionmaker) to render the initial denial of benefits without documenting medical opinions from the state agency medical consultants. *Id*., citing 20 C.F.R. §§ 404.906(b)(2), 416.1406(b)(2). The Programs Operations Manual System (POMS) requires it to "be clear to the appeal-level adjudicator when the SSA-4734-BK [the PRFC assessment form] was completed by an SDM because SDM-completed forms are

---

[2] The Court raises this issue *sua sponte*, given the serious nature of the error and the pattern of repetition of this same error since the implementation of the single decision-maker model in Michigan. Notably, in Social Security cases, the failure to submit a particular legal argument is "not a prerequisite to the Court's reaching a decision on the merits" or a finding, *sua sponte*, that grounds exist for reversal. *Reed v. Comm'r of Soc. Sec.*, 2012 WL 6763912, at *5 (E.D. Mich. 2012), citing *Wright v. Comm'r of Soc. Sec.*, 2010 WL 5420990, at *1-3 (E.D. Mich. 2010), *adopted by* 2013 WL 53855 (E.D. Mich. 2013); *see also Buhl v. Comm'r of Soc. Sec.*, 2013 WL 878772, at *7 n. 5 (E.D. Mich. 2013) (plaintiff's failure to raise argument did not prevent the Court from identifying error based on its own review of the record and ruling accordingly), *adopted by* 2013 WL 878918 (E.D. Mich. 2013).

not opinion evidence at the appeal levels." POMS DI § 24510.05. Plaintiff's

physical impairments were evaluated by an SDM, Debra McGrew,[3] who

apparently concluded that plaintiff's impairments were not disabling. (Dkt. 6-7,

Pg ID 234-245). Thus, no medical opinion was obtained at this level of review, in

accordance with this model.

   While the ALJ did not rely on the opinion of the SDM, which would have

been wholly improper, the lack of any medical opinion on the issue of equivalence

is still an error requiring remand. As set forth in *Stratton v. Astrue*, 987 F.Supp.2d

135, 147 (D.N.H. 2012), SSR 96-6p describes the process by which ALJs are to

make step-three determinations:

> The administrative law judge ... is responsible for
> deciding the ultimate legal question whether a listing is
> met or equaled. As trier of the facts, an administrative
> law judge ... is not bound by a finding by a State agency
> medical or psychological consultant or other program
> physician or psychologist as to whether an individual's
> impairment(s) is equivalent in severity to any impairment
> in the Listing of Impairments. However, *longstanding
> policy requires that the judgment of a physician* (or
> psychologist) designated by the Commissioner *on the
> issue of equivalence on the evidence* before the
> administrative law judge ... *must be received into the
> record as expert opinion evidence and given appropriate
> weight*.

---

[3] Christina Clark also signed the Disability Determination Transmittal and the Disability
Determination Explanation, but she also does not appear to be a medical professional. (Dkt. 6-3,
Pg ID 143, Dkt. 6-7, Pg ID 234-245).

2:14-cv-11281-NGE-SDD   Doc # 19   Filed 02/26/16   Pg 9 of 17   Pg ID 430

1996 WL 374180, at *3 (emphasis added); *Barnett v. Barnhart*, 381 F.3d 664, 670

(7th Cir. 2004) ("Whether a claimant's impairment equals a listing is a medical

judgment, and an ALJ must consider an expert's opinion on the issue.") (citing 20

C.F.R. § 1526(b)); *Retka v. Comm'r of Soc. Sec.*, 1995 WL 697215, at *2 (6th Cir.

Nov. 22, 1995) ("Generally, the opinion of a medical expert is required before a

determination of medical equivalence is made.") (citing 20 C.F.R. § 416.926(b));

*Modjewski v. Astrue*, 2011 WL 4841091, at *1 (E.D. Wis. Oct. 21, 2011) (warning

that an ALJ who makes a step-three equivalence determination without

expert-opinion evidence runs the risk of impermissibly playing doctor).

The *Stratton* court further explains that SSR 96-6p treats equivalence

determinations differently from determinations as to whether an impairment meets

a listing, requiring expert evidence for the former, but not the latter.  *Stratton*, 987

F.Supp.2d at 148(citing *Galloway v. Astrue*, 2008 WL 8053508, at *5 (S.D. Tex.

2008) ("The basic principle behind SSR 96-6p is that while an ALJ is capable of

reviewing records to determine whether a claimant's ailments meet the Listings,

expert assistance is crucial to an ALJ's determination of whether a claimant's

ailments are equivalent to the Listings.") (citation and quotation marks omitted)).

This expert opinion requirement can be satisfied by a signature on the Disability

Determination Transmittal Form.  *Stratton*, 987 F.Supp.2d at 148(citing SSR 96-

6p, 1996 WL 374180, at *3 (The expert-opinion evidence required by SSR 96-6p

can take many forms, including "[t]he signature of a State agency medical ... consultant on an SSA-831-U5 (Disability Determination and Transmittal Form).")); *Field v. Barnhart*, 2006 WL 549305, at *3 (D. Me. Mar. 6, 2006) ("The Record contains a Disability Determination and Transmittal Form signed by Iver C. Nielson, M.D .... discharging the commissioner's basic duty to obtain medical-expert advice concerning the Listings question."), *adopted by* 2006 WL 839494 (D. Me. Mar. 30, 2006). In the instant record, there is no Disability Determination and Transmittal Form signed by a medical advisor as to plaintiff's physical impairments. (Dkt. 6-3, Pg ID 143, Dkt. 6-7, Pg ID 234-245).

The great weight of authority[4] holds that a record lacking any medical advisor opinion on equivalency requires a remand. *Stratton*, 987 F.Supp.2d at 149-150(collecting cases); *see e.g. Caine v. Astrue*, 2010 WL 2102826, at *8 (W.D. Wash. Apr. 14, 2010) (directing ALJ to obtain expert-opinion evidence on equivalence where none was in the record), *adopted by* 2010 WL 2103637 (W.D. Wash. 2010); *Wadsworth v. Astrue*, 2008 WL 2857326, at *7 (S.D. Ind. 2008) (holding that where record included no expert-opinion evidence on equivalence, "[t]he ALJ erred in not seeking the opinion of a medical advisor as to whether Mr.

---

[4] In *Stratton*, the court noted that a decision from Pennsylvania "stands alone" in determination that 20 C.F.R. § 404.906(b) "altered the longstanding policy that an ALJ is required to seek a medical opinion on the issue of equivalence." *Stratton*, 987 F.Supp.2d. at 150 (citing *Oakes v. Barnhart*, 400 F.Supp.2d 766, 776 (E.D.Pa 2005)).

10

Wadsworth's impairments equaled a listing"). While the government has argued in other cases that courts in this district have concluded that the ALJ need not obtain expert opinion evidence in cases involving an SDM, *see Gallagher v. Comm'r*, 2011 WL 3841632 (E.D. Mich. 2011), *adopted by* 2011 WL 3841629 (E.D. Mich. Aug. 30, 2011), and *Timm v. Comm'r*, 2011 WL 846059 (E.D. Mich. 2011), *adopted by* 2011 WL 845950 (E.D. Mich. 2011), the undersigned does not find these cases persuasive. In both cases, the court concluded that because the regulations permitted an SDM to make a disability determination without a medical consultant, the ALJ is therefore, also permitted to do so where the "single decisionmaker" model is in use. Yet, notable appellate authority suggests that nothing about the SDM model changes the ALJ's obligations in the equivalency analysis. *See Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004) ("Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue.") (citing 20 C.F.R. § 1526(b)); *Retka v. Comm'r of Soc. Sec.*, 1995 WL 697215, at *2 (6th Cir. 1995) ("Generally, the opinion of a medical expert is required before a determination of medical equivalence is made.") (citing 20 C.F.R. § 416.926(b)).

Based on the foregoing, the undersigned cannot conclude that the ALJ's obligation to consult a medical expert in making an equivalency determination is any different in a case where the SDM model is used. While the SDM is not

11

required to obtain a medical opinion in cases involving physical impairment, as noted in *Timm* and *Gallagher*, nothing appears to have modified the ALJ's obligations and it makes little sense to conclude that the ALJ is relieved from obtaining an expert medical opinion in SDM cases.  Thus, the undersigned's analysis does not alter the SDM model, which leaves *the SDM discretion* as to whether a medical expert is consulted as to physical impairments.  Rather, the undersigned's analysis leaves intact the requirements imposed *on an ALJ* in making an equivalency determination, which do not otherwise appear to be modified by the SDM model.  *See also*, *Maynard v. Comm'r*, 2012 WL 5471150 (E.D. Mich. 2012) ("[O]nce a hearing is requested, SSR 96-6p is applicable, and requires a medical opinion on the issue of equivalence."); *Harris v. Comm'r*, 2013 WL 1192301, *8 (E.D. Mich. 2013) (a medical opinion on the issue of equivalence is required, regardless of whether the SDM model is implicated).

Significantly, "[n]either the ALJ nor this court possesses the requisite medical expertise to determine if [plaintiff]'s impairments ... in combination equal one of the Commissioner's listings." *Freeman v. Astrue*, 2012 WL 384838, at *4 (E.D. Wash. 2012).  For these reasons, the undersigned concludes that this matter must be remanded so that the ALJ can obtain the opinion of a qualified medical advisor on the issue of equivalence as to plaintiff's physical impairments.  In the view of the undersigned, given that the opinions of a medical advisor must be

12

obtained, plaintiff's credibility will necessarily have to be re-assessed in full after such an opinion is obtained.

A related problem in this case is the ALJ's RFC determination. Here, the ALJ rejected the opinions of plaintiff's treating physicians regarding his functional limitations and thus, did not use these opinions to formulate the RFC. (Dkt. 6-2, Pg ID 87). And, as noted above, only the SDM completed a physical RFC assessment of plaintiff and no consulting physician examined plaintiff or offered an opinion of plaintiff's RFC. The ALJ, therefore, apparently arrived at his RFC based on his own analysis of the medical evidence in the record, given that there are no other medical opinions in the record.

Importantly, in weighing the medical evidence, "'ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.'" *Simpson v. Comm'r of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009), quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996). Accordingly, "an ALJ may not substitute his [or her] own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence." *Id*. (internal quotations omitted); *see also Bledsoe v. Comm'r of Social Sec.*, 2011 WL 549861, at *7 (S.D. Ohio 2011) ("An ALJ is not permitted to substitute her own medical judgment for that of a treating physician and may not make her own independent medical findings."); *Mason v. Comm'r of Soc. Sec.*, 2008 WL

1733181, at *13 (S.D. Ohio 2008) ("The ALJ must not substitute his own judgment for a doctor's conclusion without relying on other medical evidence or authority in the record.").  In other words, "[w]hile an ALJ is free to resolve issues of credibility as to lay testimony, or to choose between properly submitted medical opinions, the ALJ cannot substitute his [or her] own lay 'medical' opinion for that of a treating or examining doctor." *Beck v. Comm'r of Soc. Sec.*, 2011 WL 3584468, at *14 (S.D. Ohio June 9, 2011), *adopted by* 2011 WL 3566009 (S.D. Ohio Aug. 12, 2011).

The undersigned recognizes that the final responsibility for deciding the RFC "is reserved to the Commissioner." 20 C.F.R. § 404.1527(d).  Nevertheless, courts have stressed the importance of medical opinions to support a claimant's RFC, and cautioned ALJs against relying on their own expertise in drawing RFC conclusions from raw medical data.  *See Isaacs v. Astrue*, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) ("The residual functional capacity opinions of treating physicians, consultative physicians, and medical experts who testify at hearings are crucial to determining a claimant's RFC because '[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms.'") (quoting *Deskin v. Comm'r Soc. Sec.*, 605 F. Supp.2d 908, 912 (N.D. Ohio 2008)); *see also Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("As a lay person, however, the ALJ was simply not qualified to interpret raw

14

medical data in functional terms and no medical opinion supported the [RFC] determination."); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985) ("By independently reviewing and interpreting the laboratory reports, the ALJ impermissibly substituted his own judgment for that of a physician; an ALJ is not free to set his own expertise against that of a physician who presents competent evidence.").

Although ultimately a finding of no disability may be appropriate in this case, substantial evidence does not exist on the record to support the current RFC determination because there is no RFC determination by a consulting physician or expert medical advisor.  Thus, the ALJ's RFC determination (at least in part) was not based on any medical opinion but was apparently formulated based on his own independent medical findings.  Under these circumstances, the undersigned suggests that a remand is necessary to obtain a proper medical source opinion regarding plaintiff's physical impairments.  Given the need for remand to obtain an expert medical opinion regarding plaintiff's physical impairments, plaintiff's credibility and the opinions of his treating physicians will necessarily have to be re-evaluated on remand.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the findings of the Commissioner be **REVERSED in part** and that this matter be

**REMANDED** for further proceedings under Sentence Four.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may

16

rule without awaiting the response.

Date: February 26, 2016                         s/Stephanie Dawkins Davis
                                                Stephanie Dawkins Davis
                                                United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 26, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Mark Krawczak, 6909 Wallace Drive, Saginaw, MI 48609.

                                                s/Tammy Hallwood
                                                Case Manager
                                                (810) 341-7887
                                                tammy_hallwood@mied.uscourts.gov